# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| MARCWELL MACK MCCOY, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:19-CV-63-HSM-HBG |
| JEFF COFFEY and GLENN BALLENGER, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on a *sua sponte* review of the record. Upon initial review of Plaintiff's motion to proceed *in forma pauperis* (IFP) [Doc. 1], the Court issued a deficiency order notifying Plaintiff that he had not submitted the proper documents for the Court to consider his IFP application—namely, a certified copy of his inmate trust account for the previous six-month period—and ordering Plaintiff to submit the proper documentation within thirty days [Doc. 4]. Plaintiff was warned that unless he either paid the full filing fee or submitted the appropriate IFP documentation, properly signed and completed, the Court would dismiss the case for failure to prosecute [*Id*. at 2]. The deficiency order was entered on February 25, 2019 and was mailed to Plaintiff at the address listed on his complaint.

After the deadline to respond to the Court's deficiency order passed with no response from Plaintiff, the Court ordered Plaintiff to show cause within fourteen days, as to why his case should not be dismissed based on his failure to prosecute and/or failure to follow the orders of this Court [Doc. 5]. On April 10, 2019, the show cause order was returned to the Court as undeliverable and unable to be forwarded [Doc. 6].

Plaintiff has failed to pay the filing fee, submit the appropriate documentation, or otherwise respond to the deficiency order in any way. Plaintiff has also failed to respond to the Court's show cause order. Accordingly, Plaintiff's motion for leave to proceed IFP [Doc. 1] will be **DENIED**.

In addition, the Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

> The Court considers four factors when considering dismissal under Rule 41(b):
>
> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to comply with the Court's orders can be attributed to his own willfulness or fault. Local Rule 83.13 imposes upon a pro se litigant the obligation to both monitor the progress of his case and to prosecute it diligently. Moreover, that same rule provides that the failure of a pro se Plaintiff to timely respond to an order sent to the last address provided to the Clerk may result in dismissal of the case. Here, the record shows that the last two orders from this Court have been either ignored [Doc. 4] or retuned as

undeliverable [Doc. 5]. The case law is clear that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan*, 951 F.2d at 109. Both the deficiency order and the show cause order set clear and firm deadlines for Plaintiff to follow. He nevertheless failed to adhere to those deadlines, in violation of both the local rules and the order itself. Accordingly, the first factor weights in favor of dismissal.

The second factor, however, weighs against dismissal; since Defendants have not yet been served, they have not been prejudiced by Plaintiff's inactions.

By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's orders, despite being expressly warned of the possible consequences of such a failure [Doc. 3 at 1; Doc. 4 at 2; Doc. 5 at 2].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff has filed a motion for leave to proceed IFP; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. Further, Plaintiff failed to respond to the Court's deficiency order and to the Court's show cause order. Any further attempt to prod Plaintiff into compliance through the imposition of a lesser sanction than dismissal would appear to be futile. There seems little purpose allowing alternative sanctions where Plaintiff has apparently abandoned his case showing a lack of respect for this Court's deadlines and orders, even after threatened with its dismissal.

The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). For the reasons discussed herein, Plaintiff's motion to proceed *in*

*forma pauperis* [Doc. 1] is **DENIED** and this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

    *s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE